## NEWTON TEA & SPICE CO. vs. NARRAGANSETT WHOLESALE GROCERY CO.

### JANUARY 14, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Sales. Delivery.*

Where no time for shipment was specified in the contract seller was bound to make shipment within a reasonable time.

*(2) Sales. Delivery.*

A buyer is not bound to notify seller that he will not accept goods when seller has neglected to make delivery according to the terms of the contract.

*(3) Sales. Delivery. Quantity and Quality.*

It is the duty of the seller to deliver the goods in accordance with the terms of the contract, and where seller delivers a quantity of goods less than he contracted to sell, buyer may reject them.

ASSUMPSIT. Heard on exceptions of defendant and sustained.

SWEENEY, J. This is an action of assumpsit by a corporation against a copartnership. After a trial in the Superior Court the jury returned a verdict for the plaintiff. The defendants' motion for a new trial was denied by the trial justice and they have duly brought the case to this court by their bill of exceptions.

In November or December, 1919, according to the plaintiff's witness, the defendants gave an order to the plaintiff's salesman for one hundred cases of marshmallow cream. Fifty cases were to be shipped as soon as labels bearing the defendants' name and brand were printed and the remaining fifty cases were to be shipped thirty days thereafter. July 16, 1920, the plaintiff shipped one hundred cases of marshmallow cream at Cincinnati, Ohio, to the defendants at Providence and mailed them an invoice therefor. The defendants received the shipment September 3, 1920.

The defense was that the plaintiff's delay in shipping the goods was so unreasonable as to excuse defendants from receiving the goods; that the plaintiff's salesman told

them that the plaintiff's factory was destroyed by fire
January 17, 1920, and that it was not going to ship the goods;
that defendants received the goods September 3, 1920,
in response to the request of the salesman that they receive
them and try and dispose of them for the benefit of the
plaintiff; that upon inspection of the goods they found
that they were in an unsalable condition and notified the
plaintiff of this fact by letter, dated September 8, 1920,
stating that the jars of marshmallow were in an unsalable
condition; that they could not use them, and asking for
advice as to their disposition.  The defendants introduced
testimony to support their defense, and the plaintiff's
salesman testified in his deposition that the defendants
complained that both shipments came at the same time,
and also stated that the goods came along later than they
were supposed to come, but denied that he told them that
the plaintiff was not going to ship the goods on account
of the fire.  It was admitted that the plaintiff's factory
was destroyed by fire January 17, 1920.  The salesman
also testified that he called at the defendants' place of
business in the spring of 1921 and inspected the goods and
that he found ninety cases in good condition, nine cases
broken and contents in bad condition, and one case missing.

The defendants claim an exception to that portion of the
charge of the trial justice relating to their defense that the
goods were not shipped on time and came so late they did
not want them in which he said: "If I make a contract to
buy goods of you, and they do not come, why, ordinarily I
would notify you in the lapse of time that the time having
expired, I did not want them, and these people should have
notified the plaintiffs to that effect."  This exception is
sustained as the portion of the charge excepted to is errone-
ous and prejudicial.  The order for the goods specified no
time for sending them, and the plaintiff was bound to send
them to the defendants within a reasonable time.  (4469),
General Laws, 1923.  This statute is the same as it was
when the defendants ordered the goods.  This principle of

law is well settled. 35 Cyc. 179; 2 Mechem on Sales, sec. 1131. We find no authority for the proposition that the buyer must notify the seller that he will not accept the goods when the seller has neglected to make delivery of them according to the terms of the contract.

(2)     In reference to the claim of the defendants, that the goods were so damaged that they were not salable and that they would not take them, the trial justice charged the jury: "The principle of law is if you buy goods and they come to you in a damaged condition, if the damage is slight and the other party is willing to allow you for the slight damage, you have to take the goods. . . . If there were only ten cases in 'the unsalable state, . . . and the other ninety cases were in salable shape—I would charge you that they were not so sufficiently damaged as to vitiate the contract on that ground."

(3)     The language quoted is the reason for the third and fourth exceptions. These exceptions must be sustained as it is the duty of the seller to deliver the goods in accordance with the terms of the contract, (4469) General Laws, 1923; and where the seller delivers to the buyer a quantity of goods less than he contracted to sell, the buyer may reject them, (4470) General Laws, 1923. *Perry v. Mount Hope Iron Co.*, 16 R. I. 318. In the case of *Norrington v. Wright*, 115 U. S. 188, 204 the court said that the seller is bound to deliver the quantity stipulated, and has no right either to compel the buyer to accept a less quantity, or to require him to select part out of a greater quantity.

The evidence is conflicting on the issues whether the defendants waived the delay of the plaintiff in the shipment of the goods, and whether they may be deemed to have accepted them after they knew of their damaged condition. These issues must be decided by a jury.

The defendant's exception to the denial of their motion for a new trial on the gound that the verdict is against the weight of the evidence is not considered, and their first exception is overruled.

Defendant's second, third and fourth exceptions are sustained and the case is remitted to the Superior Court, for a new trial.

*Alfred S. & Arthur P. Johnson,* for plaintiff.

*Fitzgerald & Higgins, Walter V. Moriarty,* for defendant.